*Formatted for Electronic Distribution*                                                              *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:
    Michael F. Montagne,                                                              Chapter 12 Case
        Debtor.                                                              # 08-10916
_____

**Michael F. Montagne,**
        Plaintiff,
    v.                                                              Adversary Proceeding
**Ag Venture Financial**                                                              **# 08-1022**
**Services, Inc. and**
**Bourdeau Brothers, Inc.,**
        Defendants.
_____

**Ag Venture Financial**
**Services, Inc.**
        Plaintiff,
    v.                                                              Adversary Proceeding
**Michael F. Montagne, John Montagne,**                                              **# 08-1023**
**Diane Montagne, Montagne Heifers, Inc.,**
**Patenaude Grain, Ltd.,**
**Bourdeau Brothers, Inc.,**
        Defendants.
_____

**Bourdeau Brothers, Inc.,**
        Plaintiff,
    v.                                                              Adversary Proceeding
**Michael F. Montagne, Diane Montagne,**                                              **# 08-1024**
**and Montagne Heifers, Inc.,**
        Defendants.
_____

*Filed & Entered On Docket November 13, 2009*

*Appearances:*   Jess Schwidde, Esq. for the Debtor, Michael F. Montagne
                  Jan Sensenich, Esq., Chapter 12 Trustee
                  Lisa Chalidze, Esq. for Diane Montagne
                  Gary Franklin, Esq. & Douglas Wolinsky, Esq. for Ag Venture Financial Services, Inc.
                  James Spinks, Esq., George Spear, Esq., Jennifer Emens-Butler, Esq., &
                      Mary Peterson, Esq. for Bourdeau Brothers, Inc., Remi & Germaine Bourdeau,
                  Lauren Kolitch, Esq. for John Montagne

## ORDER
### Denying All Jury Demands of Michael Montagne, Denying Most Jury Demands of Diane Montagne and John Montagne, and Setting Pre-Trial Conference

1

The following components of the procedural history of the instant chapter 12 case and adversary proceedings lay the foundation for a determination of the outstanding jury demands.

1. In December 2007, Bourdeau Brothers, Inc. ("BBI") filed an action in state court (# S610-07Fc) against the Debtor, Diane Montagne, and Montagne Heifers, Inc. ("MHI") to collect the debt outstanding in connection with two promissory notes and an open account (together, the "BBI Debts"). It was based primarily on a breach of contract theory, and sought a judgment against the defendants, as well as a non-possessory attachment of real estate, personal property, cattle and equipment. It was removed to this Court, as adversary proceeding # 08-1024, shortly after Michael Montagne filed his chapter 12 bankruptcy case.

2. In January 2008, Ag Venture Financial Services, Inc. ("Ag Venture") filed an action in state court (# S60-08Fc) against sixteen defendants, including Michael Montagne, Diane Montagne, John Montagne, and MHI seeking to foreclose the mortgages it held against the Debtor's real property (the "AV Mortgages") and to obtain a judgment on certain promissory notes (designated as ## 36, 171, 284, 321, 442, 516, 517, 538, 584 herein) (the "AV Notes") secured by the AV Mortgages. That lawsuit included causes of action for breach of contract, real estate foreclosure, foreclosure of junior liens, power of sale, replevin, fraudulent conveyance, conversion and specific performance. It was removed to this Court, as adversary proceeding # 08-1023, shortly after Michael Montagne (the "Debtor") filed his chapter 12 bankruptcy case.

3. The Debtor and his spouse, Diane Montagne, and his son, John Montagne, have filed answers, affirmative defenses and counterclaims in the two above-mentioned adversary proceedings, alleging <u>inter</u> <u>alia</u>, breach of contract, breach of duty of good faith, negligence, conversion, unjust enrichment, intentional misrepresentation and fraud, civil conspiracy, interference with contract, violation of public policy, promissory estoppel, equitable estoppel, and reaffirmation (<u>see</u> <u>e.g.</u>, doc. ## 40, 83 in AP # 08-1023; and doc. ## 18, 58, 239, 258, 268, 270 in AP # 08-1024).

4. Ag Venture, BBI, John Montagne, and Diane Montagne have each filed a proof of claim in this chapter 12 case (<u>see</u> claims ## 12, 23, 18, and 24, respectively). The Debtor commenced adversary proceeding # 08-1022, seeking an order disallowing the claims of Ag Venture and BBI, upon the filing of his chapter 12 bankruptcy case.

5. The parties have filed several papers addressing whether the various causes of action presented in the three above-referenced adversary proceedings are subject to trial by jury. Ag Venture acknowledges its consent to trial by jury of the outstanding legal claims to which it is a party, with the caveat that this consent is limited to those claims that are correctly characterized as legal after removal to this Court (doc. # 152 in AP # 08-1023). BBI argues that there is no right to a jury trial on any cause of action to which it is a party under controlling law, because <u>Bankruptcy Servs., Inc.</u>

2

v. Ernst & Young, LLP (In re CBI Holding Co., Inc.), 529 F.3d 432 (2d Cir. 2008) ("CBI") compels a determination that all outstanding causes of action are now subject to the equitable jurisdiction of this Court (doc. ## 188, 213 in AP # 08-1024). Diane Montagne and John Montagne jointly argue that they are entitled to a jury trial on all legal claims they have together interposed in AP # 08-1023 and which Diane Montagne has raised in AP # 08-1024, although they do not specifically identify which causes of action are "legal" now that the two suits have been removed to this Court (doc. # 150 in AP # 08-1023; doc. ## 210, 218 in AP # 08-1024). (See generally doc. ## 24, 40 in AP # 08-1022; doc. ## 82, 83, 84, 113, 145, 150, 152, 159 in AP # 08-1023; doc. ## 9, 10, 18, 148, 188, 210, 212, 213, 218, 258, 269, 271 in AP # 08-1024).

6. All parties have consented to this Court entering a final order on all non-core issues presented in these three adversary proceedings, pursuant to 28 U.S.C. § 157(c) and Vt. LBR 7008-1. See id.[i]

In CBI, the Second Circuit enunciated the criteria for determining whether a cause of action that would have a Seventh Amendment right to a jury trial outside of a bankruptcy case retains that jury trial right in a bankruptcy court. The first step in the analysis is to determine whether the cause of action is "legal" or "equitable," which involves two inquiries: (i) would the cause of action have been characterized as "legal" or "equitable" in 18th century England, and (ii) is the relief sought "legal" or "equitable." See CBI, 529 F.3d  at 466.Based upon these inquiries, several of the causes of action presented in these adversary proceedings are "legal" in nature and thus, in the absence of a bankruptcy filing, would invoke a Seventh Amendment right to jury trial. However, the Court must undertake additional analysis to determine whether any of these legal claims retain the right to a jury trial now that they will be adjudicated in bankruptcy court. See CBI, 529 F.3d at 465-66 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989)). This analysis is independent of whether the cause of action is "core" or "non-core" under 28 U.S.C. § 157(b). CBI, 529 F.3d at 465 (citing Ben Cooper, Inc. v. Ins. Co. of the State of Pa. (In re Ben Cooper, Inc.), 896 F 2d 1394, 1401 (2d Cir 1990)).

The principles CBI articulated that determine whether the legal actions presented in the instant chapter 12 case retain their "legal" nature, and thus their Seventh Amendment right to jury trial, are as follows: First, "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claim,' thereby subjecting himself to the bankruptcy court's equitable power." CBI, 529 F. 3d at 466 (quoting Langenkamp v. Culp, 498 U.S. 42, 44 (1990)). Second, if a party objects to a proof of claim, or interposes causes of action the adjudication of which would be "integral to the restructuring of the debtor-creditor relationship," those causes of action are subject to the equitable jurisdiction of the bankruptcy court, and have no right to jury trial, id. (citing Langenkamp, 498 U.S. at 44-45), even if the causes of action presented are "traditional legal claims." Id. at 466 (citing

3

Granfinanciera, 492 U.S. at 58-59 & n. 14). Third, factual findings made by a bankruptcy court in connection with causes of action adjudicated under its equitable powers may be binding in any subsequent trial of causes of action that encompass the same factual disputes, even if the latter litigation involves different parties and is based upon traditional legal claims. See CBI, 529 F.3d at 468 (citing Katchen v. Landy, 382 U.S. 323, 338-39 (1966)).

After due consideration of the causes of action alleged in the pleadings filed in these three adversary proceedings, all of the arguments pertinent to the issue of jury trial rights – particularly those that the parties have presented since the November 25, 2008 status hearing – the extensive record in these matters, and controlling law, the Court reaches the following conclusions of law with respect to each of the adversary proceedings.

## AP # 08-1022

This adversary proceeding is aimed squarely at the question of whether, under what classification, and in what amount the Ag Venture and BBI claims shall be allowed in this case. The answer to that question will have a significant impact on the administration of the chapter 12 case and a dramatic impact on the distribution to unsecured creditors in this case (see e.g., Findings and Order Confirming Chapter 12 Plan, doc # 107 in case # 08-10916 at p.4 indicating that the dividend to general unsecured creditors will be zero if the Ag Venture and BBI claims are allowed and will be 100% if the Ag Venture and BBI claims are disallowed). Litigation regarding the allowance of claims and adjudication of objections to claims effectuates a restructuring of the debtor-creditor relationship and thus is unequivocally subject to the equitable jurisdiction of the bankruptcy court and invokes no Seventh Amendment right to a jury trial. See CBI, 529 F.3d at 460-61, 468. Accordingly, all demands for a jury trial applicable to any cause of action pending in this adversary proceeding are denied.

## AP # 08-1023

The complaint in this adversary proceeding seeks a determination of whether and to what extent Ag Venture is entitled to enforce its rights under the AV Notes, the AV Mortgages, and the related security agreements. All of the causes of action asserted in the complaint, answers, affirmative defenses, counterclaims, and cross-claims in this suit arise from the same pre-petition transactions, namely the various loans Ag Venture made to the Debtor (or to the Debtor and his family and/or related corporation), and the manner in which Ag Venture handled those loans from the date of inception through the date the complaint was filed in state court. Many of the causes of action Diane Montagne and John Montagne assert against Ag Venture duplicate, or have a very close litigation nexus to, a cause of action the Debtor asserts against Ag Venture. The individual Montagne defendants have interposed the following "legal" causes of action in their affirmative defenses and counterclaims, as specified in this chart:[ii]

4

| LEGAL CLAIM ASSERTED | MICHAEL MONTAGNE | DIANE MONTAGNE | JOHN MONTAGNE |
|---|---|---|---|
| Accord and satisfaction | doc. # 113, p. 9, ¶ 9 | doc. # 145, p. 6, ¶ 6 | |
| Breach of contract | doc. # 113, p. 18, ¶ 40 | doc. # 145, p.7, ¶ 13, doc # 83 p. 11, ¶ 81 | doc. # 40, p. 5, ¶ 12, p. 16, ¶ 59 |
| Breach of duty of good faith/fair dealing | doc. # 113, p. 18, ¶ 42 | doc # 83 p. 11, ¶ 82 | doc. # 40, p. 16, ¶ 61 |
| Civil conspiracy | | | doc. # 40, p. 18, ¶ 71 |
| Commercial Unreasonableness /Violation of public policy | | | doc. # 40, p. 18, ¶ 75 |
| Control over borrower | doc. # 113, p. 21, ¶ 60-62 | doc # 83 p. 11, ¶ 86 | |
| Conversion | | | doc. # 40, p. 17, ¶ 65 |
| Failure to mitigate damages | doc. # 113, p. 9, ¶ 14 | doc. # 145, p.7, ¶ 14 | |
| Homestead exemption | | doc. # 145, p. 6, ¶ 5 | |
| Interference with K-ual arrangements | doc. # 113, p. 9, ¶ 4 | doc # 83 p. 11-12, ¶ 87 | doc. # 40, p. 18, ¶ 73 |
| Lack of consideration | | | doc. # 40, p. 5, ¶ 1 |
| Negligence | doc. # 113, p. 19, ¶ 44 | doc # 83 p. 11, ¶ 83 | doc. # 40, p. 17, ¶ 63 |
| Negligent provision of pecuniary info | doc. # 113, p. 19, ¶ 46-48 | doc # 83 p. 11, ¶ 84 | |
| Overreaching | | | doc. # 40, p. 5, ¶ 8 |
| Payment | doc. # 113, p. 9, ¶ 13 | doc. # 145, p. 7, ¶ 11 | |
| Punitive damages | doc. # 113, p. 22, ¶ 64 | doc # 83 p. 12, ¶ 88 | doc. # 40, p. 20, ¶ 85 |
| Release | | doc. # 145, p. 6, ¶ 2 | |
| Restitution | | | doc. # 40, p.5, ¶ 9 |
| Set off | doc. # 113, p. 9, ¶ 15, p. 20, ¶ 58 | doc. # 145, p. 7, ¶ 15 | doc. # 40, p.5, ¶ 13 |

To the extent Diane Montagne or John Montagne are asserting claims that seek relief that will be "integral to the restructuring of the debtor-creditor relationship" between the Debtor and Ag Venture, those claims are subject to the equitable jurisdiction of this Court and carry no right to a jury trial. See CBI, 529 F.3d at 466 (citing Langenkamp, 498 U.S. at 44-45). Moreover, where Diane Montagne or John Montagne is asserting a claim that is based upon factual disputes that will necessarily be adjudicated under the Court's equitable jurisdiction in connection with a claim asserted by the Debtor against Ag Venture, they may be bound by the Court's factual findings and thus have no right to a jury trial on those causes of action. See CBI, 529 F 3d at 468 (citing Katchen, 382 U.S. at 338-39). Additionally, since Ag Venture, Diane Montagne, and John Montagne have each filed a proof of claim in this case (see ¶ 4, supra), each cause of action they assert in this adversary proceeding that raises issues that will affect the allowance or disallowance of their proof of claim is subject to the equitable jurisdiction of this Court and similarly carries no right to a jury trial. Id. These three tenets apply even with respect to Diane Montagne's and John Montagne's causes of action which raise "traditional legal claims" that would otherwise carry a right to jury trial. Id. (citing Langenkamp, 498 U.S. at 44).

5

*Application of the <u>CBI</u> Principles to Michael Montagne's Jury Demands*

All causes of action that Ag Venture asserts against the Debtor, and all counterclaims and affirmative defenses the Debtor asserts against Ag Venture (doc. # 113), are linked directly to the ultimate question of the amount, priority, and allowance of Ag Venture's claim in this case, i.e., they "are integral to the restructuring of the debtor-creditor relationship" and, as such, are subject to the equitable jurisdiction of this Court. <u>CBI</u>, 529 F.3d at 466 (quoting <u>Langenkamp</u>, 498 U.S. at 44-45). Accordingly, all of the Debtor's jury demands in this proceeding are denied, as are any outstanding jury demands by Ag Venture (whether asserted affirmatively or through consent to another party's demand).[iii]

*Application of the <u>CBI</u> Principles to John Montagne's Jury Demands*

John Montagne filed a proof of claim (claim # 18 in case # 08-10916) that describes the basis for the claim to include the following: $100,000 liability on a promissory note, plus attorney's fees of approximately $25,000 and unliquidated sums due relating to a counterclaim, security agreement, breach of agreement, negligence, conversion, unjust enrichment, fraud, and promissory estoppel. In sum, the face John Montagne's proof of claim identifies a nexus between the causes of action he asserts against Ag Venture and the determination of the amount and priority of his proof of claim. Since it appears that all of John Montagne's causes of action against Ag Venture will be "integral to the claims allowance process" as to him, John Montagne is not entitled to a jury trial on any of his causes of action against Ag Venture that are itemized on his proof of claim as a basis for the determination of the amount of his claim in this case. <u>Id.</u> As an alternative basis for this conclusion, the Court will consider John Montagne's jury rights under the other <u>CBI</u> principles.

In his answer (doc. # 40), John Montagne pleads thirteen affirmative defenses. He has also interposed a fifteen-count counterclaim against Ag Venture.[iv] Some of these causes of action against Ag Venture are recognized as "equitable" in nature and thus, carry no Seventh Amendment right to a jury trial. <u>See</u> <u>CBI</u>, 529 F.3d at 466. It is also critical to the analysis of his jury trial rights that all of the affirmative defenses, as well as many of the counterclaims, John Montagne asserts have also been asserted by the Debtor against Ag Venture. Since the Court will be addressing all of the theories for relief that the Debtor has asserted in the adjudication of the Debtor's case against Ag Venture, and that litigation is subject to the Court's equitable jurisdiction, and John Montagne has presented no argument under <u>CBI</u> as to why these claims should not be deemed transformed into equitable causes of action in this proceeding, the Court concludes that those causes of action that coincide with causes of action asserted by the Debtor carry no right to a jury trial. <u>See</u> <u>CBI</u>, 529 F.3d at 468 (citing <u>Katchen</u>, 382 U.S. at 338-39). As delineated in the chart above, the following affirmative defenses and counterclaims fall into this category: breach of contract, breach of duty of good faith and fair dealing, negligence, promissory estoppel, equitable estoppel, and punitive damages.

The only three causes of action John Montagne has asserted against Ag Venture that (i) would be properly categorized as "legal," (ii) are not clearly integral to the restructuring of the Debtor's debtor-creditor relationship with Ag Venture or the allowance of John Montagne's claim in this case, and (iii) seek relief that does not coincide with relief being sought by the Debtor in this proceeding are: conversion, civil conspiracy, and commercial unreasonableness and violation of public policy/law. However, the claims asserted under these three theories are still quite vague. Moreover, it is not clear from the record whether John Montagne still intends to pursue these bases for relief and, if he does, the extent to which the evidence, legal arguments, and factual findings on which his case will be based will have been addressed in the Court's adjudication of the Debtor's causes of action based upon the same transactions and facts. The Court defers decision on the demands for jury trial with respect to, and severs from the trial of the Debtor's case all proof on, these three "unique" causes of action (i.e., causes of action not asserted by the Debtor), until after conclusion of the trial on all other causes of action.

*Application of the CBI Principles to Diane Montagne's Jury Demands*

While it is difficult to discern from her papers whether Diane Montagne acknowledges that any cause of action she is asserting in this proceeding will have an impact on the allowance of her claim against the estate, based upon the description set forth in her proof of claim, it appears that some certainly will "trigger the process" of determining the allowance and amount of her claim. The addendum to her proof of claim (claim # 24 in case # 08-10916) indicates that in the event Ag Venture recovers from Diane Montagne the funds she received from the Debtor, allegedly pursuant to a December 2006 agreement, she will seek to recover that same amount from the Debtor (i.e., the bankruptcy estate). Based upon the terms of this contingent claim, the litigation of any cause of action that adjudicates Ag Venture's right to recover the $240,000 payment, or any other payment which Diane Montagne would in turn seek to recover from the estate, will be integral to the allowance of Diane Montagne's claim in this case. That conclusion transforms those causes of action, regardless of the theory upon which they are based, into equitable causes of action in this proceeding. Thus, adjudication of counts X and count XII of Ag Venture's complaint – the only counts of the complaint specifically alleged against Diane Montagne – are subject to the equitable jurisdiction of this Court. Therefore, Diane Montagne's demand for a jury trial on the causes of action against her in the complaint is denied.

With respect to her affirmative defenses, cross-claim, and counterclaim, Diane Montagne has demanded a jury trial on "all issues so triable" (see e.g., doc. ## 82, 83). She does not provide an exhaustive or specific list of which issues she asserts to be "so triable," but rather itemizes the causes of action in her counterclaim and cross-claim that she perceives to be "equitable" (unclean hands, subordination, fraud, and declaratory judgment (doc. # 210, p. 4)) and simply pronounces that "all other claims are legal in nature, such as breach of contract, negligence, and interference with contractual

7

relations" and thus are included within the scope of her jury demand. This is insufficient detail as to the scope of the jury demand. Moreover, most of her arguments in support of her jury trial rights are based upon Vermont law and hence are wholly inapposite. See Simler v. Conner, 372 U.S. 221, 222 (1963) (holding that once an action is pending in federal court, the right to a jury trial is determined as a matter of federal law). Diane Montagne's only arguments under federal law as to why she has a constitutional right to jury trial with respect to her legal claims are that: (a) they are non-core proceedings, and (b) adjudication of these claims would have no impact on the bankruptcy estate or on the debtor-creditor relationship (doc. # 210, p 9). Neither of these arguments is persuasive. First, under CBI, the determination of jury trial rights must be made without regard to whether the claim is core or non-core. CBI, 529 F.3d at 465 (citing Ben Cooper, Inc., 896 F 2d at 1401). Second, the impact of the "legal" cause of action on the estate must be viewed in the context of the bankruptcy case, rather than solely with respect to the dispute between the parties. While it is true that Diane Montagne and John Montagne are not debtors in this Court and their liability to, or rights to relief from, Ag Venture may not affect the restructuring of the Debtor's debtor-creditor relationship with Ag Venture, that fact is not dispositive of the jury demands. Under CBI, if the trial of the Debtor's causes of action were permitted to proceed separate from the trial of the non-Debtor parties' causes of action, findings of fact made by the Court in connection with the Debtor's causes of action might well be binding on any jury trying Diane Montagne's and John Montagne's causes of action. See CBI, 529 F.3d at 468 (citing Katchen, 382 U.S. at 338-39). No meaningful relief would be provided by severing the actions to proceed in this way.

In her counterclaim against Ag Venture (doc. # 83), Diane Montagne asserts claims for relief under the following theories which she does not designate as "equitable" in nature (doc. # 210, p 4) and hence apparently posits are "legal" claims entitled to jury trial: breach of contract, breach of duty of good faith and fair dealing, control over borrowers, interference with contractual arrangements, negligence, negligent provision of pecuniary information, and punitive damages. As noted in the chart above, all of these counterclaims overlap or coincide with causes of action asserted by the Debtor against Ag Venture in his counterclaim (doc. # 113). Diane Montagne has failed to put forth any arguments as to why she should not be collaterally estopped from claiming a right to jury trial on these causes of action which appear to be based upon the same facts, transactions, and legal arguments as the Debtor's causes of action under the same theories. Therefore, the Court concludes that all of the counterclaims for which she seeks a jury trial are properly adjudicated in connection with the trial of the corresponding causes of action asserted by the Debtor, under the equitable jurisdiction of this Court. See CBI, 529 F.3d at 468 (citing Katchen, 382 U.S. 323, 338-39). Therefore, Diane Montagne's demand for a jury trial on the legal causes of action in her counterclaim is denied.

With regard to Diane Montagne's affirmative defenses (doc. # 145, pp 6-7), it is germane that there is a substantial overlap with the affirmative defenses interposed by the Debtor (doc. # 40). Diane Montagne asserts the following eleven affirmative defenses that have also been asserted by the Debtor: accord and satisfaction, breach of contract, estoppel, failure to state a claim on which relief can be granted, failure to mitigate damages, fraud, illegality, payment, set off, unclean hands, and waiver. As noted above, Diane Montagne has acknowledged that the claims based upon theories of unclean hands and fraud are "equitable" in nature and thus have no right to a jury trial (doc. # 210, p. 4) Claims based upon theories of estoppel, including promissory estoppel, are also "equitable" and carry no right to jury trial. See Merex A.G. v. Fairchild Weston Systems, Inc., 29 F 3d 821, 826 (2d Cir.1994). That leaves eight "legal" affirmative defenses asserted by Diane Montagne that have also been asserted by the Debtor (accord and satisfaction, breach of contract, failure to state a claim on which relief can be granted, failure to mitigate damages, illegality, payment, set off, and waiver). Since the Court will be addressing all of them in the adjudication of the Debtor's case against Ag Venture, that litigation is subject to the Court's equitable jurisdiction, and Diane Montagne has presented no argument under CBI as to why these claims should not be deemed transformed into equitable causes of action in this proceeding, the Court concludes that those affirmative defenses that coincide with causes of action asserted by the Debtor carry no right to a jury trial. See CBI, 529 F.3d at 468 (citing Katchen, 382 U.S. at 338-39). Accordingly, as to these affirmative defenses, Diane Montagne's jury demand is denied.

Diane Montagne has also asserted affirmative defenses that the Debtor has not asserted, based upon release, statute of frauds, homestead exemption, and duress. The record does not contain sufficient information to enable the Court to determine whether the adjudication of these affirmative defenses would (a) require consideration of facts that will not otherwise be determined under the Court's equitable jurisdiction in connection with causes of action initiated by the Debtor and hence not subject to determination by a jury, or (b) will have any bearing on the restructuring of the debtor-creditor relationship between the Debtor and Ag Venture or the allowance of Diane Montagne's claim in this chapter 12 case. Accordingly, the Court defers decision on the demands for jury trial with respect to, and severs from the trial of the Debtor's case all proof on, these four "unique" affirmative defenses until after conclusion of the trial on all other causes of action.

Once the Court has concluded the trial on all matters subject to its equitable jurisdiction in this adversary proceeding, it will make a determination as to whether to exercise jurisdiction over the remaining non-core legal claims of Diane Montagne and John Montagne under 28 U.S.C. § 1334. If the Court decides not to abstain on these state law causes of action brought by non-debtor parties, it will determine whether there are any findings of fact necessary for the adjudication of those claims that were not made in the trial of the equitable claims and, if so, set a date for a jury trial on those causes of action.

9

There is no right to a jury trial on any of the claims by or against the Debtor in this adversary proceeding because all of these claims relate to the question of what is the nature, amount, and priority of BBI's allowed claim and, as such, adjudication of those claims is integral to, and will affect a restructuring of, the debtor-creditor relationship between BBI and the Debtor. See CBI, 529 F.3d at 466 (citing Langenkamp, 498 U.S. at 44, 45).

There is also no right to a jury trial in connection with the causes of action interposed by or against Diane Montagne, based upon the principles set out in CBI. Diane Montagne insists that she is entitled to a jury trial on all legal causes of action by and against her in this proceeding which "order the debtor-creditor relationship between Mrs. Montagne … and BBI" (doc. # 218, p. 3). This argument fails because Diane Montagne has not identified which causes of action fit this description, and because whether the relief sought will affect the debtor-creditor relationship Diane Montage has with BBI is not determinative of her jury trial rights under CBI. Rather, the question is whether adjudication of each of the causes of action by and against Diane Montagne will (a) affect the restructuring of the Debtor's debtor-creditor relationship with BBI, or (b) involve the same factual and legal issues as the causes of action by and against the Debtor in this adversary proceeding. If so, then the cause of action is subject to the equitable jurisdiction of this Court and is not entitled to a jury trial. See CBI, 529 F.3d at 465-66.

BBI's causes of action against Diane Montagne are identical to those it propounds against the Debtor. BBI asserts a single set of facts upon which it seeks judgment against Diane Montagne and Michael Montagne together; it does not assert a single cause of action, or seek any relief, against Diane Montagne alone (see, e.g., doc. # 253, ¶¶ 5, 7, 8, 9, 13, 15, 17, 19, 25, 28, 31). In light of this coincidence of factual allegations, legal arguments, and prayers for relief, it is clear that the adjudication of the BBI causes of action against the Debtor will likely resolve the BBI causes of action against Diane Montagne. Since the BBI causes of action against the Debtor are subject to the equitable jurisdiction of the Court and entail no right to a jury trial, the BBI causes of action against Diane Montagne are likewise subject to the equitable jurisdiction of the Court and entail no right to a jury trial. See CBI, 529 F.3d at 466 (citing Langenkamp, 498 U.S. at 44-45).

Likewise, all of the factual allegations and legal arguments, as well as the prayer for relief that Diane Montagne sets out in her counterclaim and third party complaint, and in her amended counterclaim and third-party complaint (doc. ## 10, 58), revolve around the same alleged misconduct that the Debtor alleges to have harmed him. Significantly, Diane Montagne's prayer for relief seeks a judgment for an amount sufficient to compensate her for her damages, without specifying any set of damages that she suffered distinct from the damages suffered by the Debtor. It also seeks an award in an amount sufficient "to punish BBI for [ ] malice and bad conduct," without specifying any malice and/or bad conduct that

BBI perpetrated against her but not the Debtor. This complete coincidence of factual allegations and relief sought creates a sufficient nexus between the two debtor-creditor relationships to transform Diane Montagne's "legal" causes of action aimed at restructuring her debtor-creditor relationship with BBI into "equitable" causes of action, subject to determination by this Court, without jury. In re Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1331 (2d Cir. 1993); accord CBI, 529 F.3d at 466 (citing Langenkamp, 498 U.S. at 44, and Granfinanciera 492 U.S. at 58-59 & n. 14). In sum, litigation of Diane Montagne's causes of action against BBI will present the same factual and legal issues as the Debtor's litigation. Even if Diane Montagne's causes of action against BBI are aimed at establishing her rights against BBI independent of the Debtor's rights against BBI, the inextricable nexus between her causes of action and the Debtor's brings her causes of action under the equitable jurisdiction of this Court and extinguishes any Seventh Amendment right to jury trial they would have outside a bankruptcy case. See CBI, 529 F.3d at 464-65.[v]

      MHI demanded a jury trial in this litigation prior to removal of the action to this Court in connection with the counterclaim and third-party complaint it filed jointly with the Debtor (doc. # 18). However, MHI has not appeared in support of its jury demand since removal of the proceeding to this Court, and did not file a memorandum of law on the issue, as directed in this Court's Amended Case Management Order (doc # 220, p. 4). To the extent MHI's jury demand may be extant, the Court finds that all of the causes of action MHI asserts in this proceeding are identical to, and coincident with, the causes of action of the Debtor; all of the Debtor's causes of action seek relief that is integral to the restructuring of the debtor-creditor relationship with BBI and/or are integral to the allowance of BBI's claim; and hence are subject to the equitable jurisdiction of this Court. Accordingly, MHI's jury demand is denied.

      For the foregoing reasons, all causes of action presented in this adversary proceeding are subject to the equitable jurisdiction of this Court and all jury demands are denied.

      Based upon the pleadings, controlling law, and conclusions set forth above, IT IS HEREBY ORDERED that all jury demands presented in these three adversary proceedings are DENIED, except with respect to the unique causes of action asserted by Diane Montagne and John Montagne in AP # 08-1023, specifically identified above.

      IT IS FURTHER ORDERED that Diane Montagne and John Montagne shall each (or jointly) file a statement by noon on November 20, 2009, clearly specifying which, if any, of the causes of action designated as "unique" in this Order they believe to be extant and they intend to pursue; and whether they wish to withdraw their jury demand as to any of these causes of action.

11

    IT IS FURTHER ORDERED that the parties appear for a pre-trial conference in each of the three adversary proceedings on <u>Tuesday, November 24, 2009 in Rutland, Vermont, at 11:30 a.m</u>. for the purpose of setting a schedule for trial of all open issues.

    SO ORDERED.

Rutland, Vermont                                                                       Colleen A. Brown
November 13, 2009                                                     United States Bankruptcy Judge

---

[i] This Court has already determined that the only issues presented in these adversary proceedings that may not be "core," see 28 U.S.C. § 157(b)(2), are those focused on Diane Montagne's liability for the debts Ag Venture and BBI claim to be due from the Debtor and/or secured by property of the estate. See p. 3 of the Case Management Order, entered January 14, 2009 (doc. # 144 in AP # 08-1023; doc. # 205 in AP # 1024). However, whether a cause of action is core or non-core is not determinative of jury trial rights and hence that issue will not be revisited in this Order. CBI, 529 F.3d at 465.

[ii] It must be noted, however, that the Court currently has under advisement Ag Venture's motion for summary judgment on all of Diane Montagne's counterclaims (doc. # 250), and to the extent Ag Venture prevails on that motion, Diane Montagne's demand for a jury trial on the counterclaims will become moot.

[iii] Michael Montagne, Diane Montagne, and John Montagne each signed at least one AV Note that contained the following comprehensive waiver of jury trial provision (¶ 5.6 or 5.7):
> [t]he Borrower and the Lender, by its acceptance of this note, hereby <u>waive trial by jury in any litigation in any court with respect to</u>, in connection with, or arising out of: (a) this note or any other instrument or document delivered in connection with the obligations; (b) the validity, interpretation, collection or enforcement thereof; or (c) <u>any other claim or dispute however arising between the Borrower and the Lender</u>.

See doc. # 30, Ex. A (Loan # 36) & Ex. B (related mortgage with waiver); Ex. C (Loan # 171) & Ex. E (related mortgage with waiver); Ex. F (Note # 284) & Ex. I (related mortgage with waiver); Ex. J (Loan # 321) & Ex. L (related mortgage with waiver); Ex. M (Loan # 442); Ex. P (Loan # 516); Ex. S (Loan # 517), Ex. V (Loan # 584); Ex. X (Loan # 538); Ex. AA, BB, and CC (unlimited guaranties related to Loan # 538, signed by Michael Montagne, Diane Montagne, and John Montagne, respectively and containing jury trial waivers at ¶¶ 14, 30 and 46) (emphasis added). However, in the course of the state court litigation, the parties agreed to rescind their jury trial waiver, through Ag Venture's consent to the jury demands of Diane Montagne, Michael Montagne, and John Montagne. Therefore, the question of whether any of the causes of action in this adversary proceeding will be tried by a jury will be determined solely by reference to whether they retain their "legal" nature and Seventh Amendment right to a jury trial after removal to this Court, under the principles enunciated in CBI.

[iv] The same 15 counts are fashioned as a third-party complaint against Thomas J. Bellavance; however the state court granted Mr. Bellavance's motion to dismiss the complaint against him (doc # 95) and therefore the Court does not address those causes of action in this Order.

[v] It must be noted here, as well, that the Court currently has under advisement BBI's renewed motion to dismiss Diane Montagne's amended counterclaims (doc. # 273), and to the extent BBI prevails on that motion, Diane Montagne's demand for a jury trial on her outstanding counterclaims will become moot.