# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:
    Michael F. Montagne,
              Debtor.

Chapter 12 Case
# 08-10916

_____

Bourdeau Brothers, Inc.,
              Plaintiff,
    v.
Michael F. Montagne, Diane Montagne,
and Montagne Heifers, Inc.,
              Defendants.

Adversary Proceeding
# 08-1024

*Filed & Entered On Docket February 4, 2010*

_____

*Appearances:*    *James Spink, Esq. and Mary Peterson, Esq., for Bourdeau Brothers, Inc.*
                        *Jess Schwidde, Esq. and John Harrington, Esq., for Michael Montagne*

## ORDER
### DENYING DEBTOR'S EXPEDITED MOTION TO AMEND ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND

        On February 2, 2010, Debtor-Defendant Michael F. Montagne filed an "Expedited Motion to Amend Answer to Second Amended Complaint, Affirmative Defenses, Counterclaim and Jury Demand" ("Expedited Motion") (doc. # 320). In this Expedited Motion, Mr. Montagne proposed to add "certain allegations supporting Mr. Montagne's affirmative defenses in paragraph 31 of the Answer." Id. p. 1. He set forth two grounds for requesting this expedited relief: (1) the standard this Court used when addressing BBI's motion to strike Diane Montagne's affirmative defenses, set out in the February 1, 2010 memorandum of decision granting in part and denying in part BBI's motion (doc. # 318), did not comport with the standard set by the Second Circuit in Salcer v. Envicon Equities Corp., 744 F.2d 935 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986), and could not have been foreseen by the Debtor; and (2) without this relief Mr. Montagne would be "deprived of the opportunity to correct any pleading deficiencies in his affirmative defenses merely in order to protect BBI from the consequences of BBI's own inexcusable seven-month delay in filing a motion to strike." Id. Later on February 2, 2010, BBI filed an opposition to the Expedited Motion (doc. # 321). On February 3, 2010, the Debtor filed a reply (doc. # 322). The Court finds that neither of the Debtor's arguments has merit and consequently denies the Expedited Motion.

        The Court will address the Debtor's two arguments in reverse order.

The Court finds the Debtor's second rationale to be nothing short of brazen – an adjective BBI aptly applies in its opposition to the motion (doc. # 321, p. 5). The Court will not recite the entire convoluted litigation history that has engulfed this case, with contested matters in the main case, removed actions from state court, and a new lawsuit filed here. Rather, the Court will summarize only so much of the procedural history as is necessary to create a context for evaluating the Debtor's rationale for expedited relief based upon what he characterizes as "BBI's own inexcusable seven-month delay in filing a motion to strike" (doc. # 320, p. 2). For the reasons set out below, the Court does not find this to be a fair characterization of the procedural circumstances surrounding BBI's filing of the motion to strike.

In March 2009, the Court permitted the Debtor to amend his answer in this adversary proceeding to add claims struck from his complaint in a related adversary proceeding (A.P. # 08-1022), with the admonition that he was to "support those claims by simple, concise, and direct allegations tied to particular facts," and not to "merely repeat the same vague and conclusory allegations against BBI that he set forth in the Complaint in A.P. # 08-1022" (doc. # 98 in A.P. # 08-1022, p. 5). At around this same time, BBI moved to amend its complaint in this adversary proceeding (doc. # 245, 253) and the Court granted that motion. Michael Montagne filed his answer with affirmative defenses and counterclaim in May 2009 (doc. # 270). Within approximately a week, BBI moved to dismiss the Debtor's amended counterclaim (doc. # 273). At a pre-trial conference on November 24, 2009, while the motion to dismiss the Debtor's amended counterclaim was pending, the Court sua sponte invited the parties to brief the viability of the affirmative defenses of both the Debtor and defendant Diane Montagne, and issued a scheduling order providing the dates by which any such motions should be filed (doc. # 289). That scheduling order also set a mid-February date for trial. BBI filed its motion to strike the Debtor's affirmative defenses by the deadline set forth in the scheduling order (doc. # 291). The Debtor opposed the motion to strike (doc. # 299). On January 5, the Court held a continued pre-trial hearing. Three weeks later, on January 22, 2010, the Court granted BBI's motion to dismiss the Debtor's amended counterclaim (doc. # 307), remarking at length about the insufficiency of the facts the Debtor alleged, and the conclusory and/or unpersuasive legal arguments he offered, in his counterclaim. The Court issued a scheduling order on January 27, 2010, setting the trial for February 16th, and requiring the parties to file a stipulated final pre-trial statement by February 4, 2010 (doc. # 314). Prior to January 27th, the Debtor did nothing to supplement or amend his affirmative defenses based upon either the scheduling order or the January 22nd ruling. It was not until the Court issued a decision striking the affirmative defenses of defendant Diane Montagne (doc. # 318) on February 1st, that the Debtor addressed the sufficiency of his affirmative defenses and sought leave to amend his answer again (doc. # 320). He sought this relief on an expedited basis, two weeks prior to trial, and two days before the final pre-trial statement was due.

The Debtor's attempt to put the onus on BBI is specious. Both parties had plenty of opportunity to amend their pleadings during the long history of this litigation. BBI filed its motion to strike promptly after the invitation from the Court to do so. The impetus for this invitation was the Court's assessment that it was in the interest of both the Court and all parties to pare down the multitude of affirmative defenses pled by the Debtor and Diane Montagne to those that could be properly supported. The Court had reached this determination after wading through the voluminous pleadings in this matter and finding that several of the documents filed by the Debtor and Diane Montagne included insufficient legal arguments, vague allegations, and legal conclusions parading as facts. The Court has remarked in several written decisions that many of the papers the Defendants have filed in these proceedings suffer from pleading infirmities. See, e.g., doc. # 98 in A.P. # 08-1022; doc. # 219, 220, 221, 222, 223, 321, 371 in A.P. # 08-1023; doc. # 225, 293, 307, 312, 318 in A.P. # 08-1024. As a result, at an open hearing, the Court authorized BBI to file a motion to strike, if it thought it appropriate to do so.

The Court has the inherent authority to narrow the issues for trial. See Wiggins v. State of Connecticut, 205 F.3d 1327, 2000 WL 19094 at *1 (2nd Cir. Jan. 3, 2000); In re Stewart, 2009 WL 2448054 * 12 (E.D. La. Aug. 7, 2009) ("[U]nder Section 105, the Bankruptcy Courts possess the authority to manage their dockets."). Reopening of the time to file motions addressing the affirmative defenses did not cause any prejudice to the Debtor. On the contrary, it signaled to both Defendants that their affirmative defenses would benefit from some further clarification and fine-tuning. The Debtor could have seized the opportunity to amend his affirmative defenses, both to strengthen the sufficiency of those defenses and buttress his opposition to BBI's motion to strike, immediately. He chose not to do so. The Court does not look favorably upon the Debtor now crying foul and blaming his dereliction in presenting more fully pled affirmative defenses earlier on in the proceedings on the alleged delay by BBI. This second prong of Mr. Montagne's argument does not warrant the expedited relief he seeks.

The Court turns next to the parties' arguments with respect to the first prong Mr. Montagne's argument. His rationale begins with a recitation of the standard set forth in Salcer: "A motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency . . . will not be granted 'unless it appears to a certainty that plaintiff would succeed despite any state of the facts which could be proved in support of the defense." Salcer, 744 F.2d at 939. He goes on to argue that the Second Circuit has not overruled or limited that holding; that he "could not have reasonably anticipated" this Court would rely upon the ruling in Tracy v. NVR, Inc., 2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009), as a basis for striking affirmative defenses since Tracy was decided well after his affirmative defenses were pled; and that the Tracy analysis was "clearly wrong," with respect to affirmative defenses (doc. # 320, p. 2-3). BBI counters that the Debtor should have reasonably anticipated that this Court would look to the pleading standards of Fed. R. Civ. P. 8(a), amplified in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), given this Court's orders

3

directing the Debtor to plead with particularity; that it is to no avail to him for having failed to find or discuss the Tracy ruling; and that his "attempted stealth defense in the face of specific orders to plead facts is not allowable under any conceivable standard of pleading" (doc. # 321 p. 5).

While the Court acknowledges that some federal trial courts have opted not to apply the Twombly pleading standard to affirmative defenses, the decisions cited by the Debtor (doc. # 320 n.1) are not from courts in this Circuit. By contrast, Tracy, and the two Southern District of New York cases this Court cited in support of the application of the Twombly standard to affirmative defenses were all decided by courts in this Circuit. Second, the Court rejects the Debtor's characterization of the holding in Schechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996), one of the cases relied upon in Tracy. The issue in Schechter involved a qualified immunity affirmative defense, but the holding – that a bald assertion of an affirmative defense provides no basis for a ruling in a party's favor – related to pleading standards of affirmative defenses in general, not solely to the qualified immunity affirmative defense. The Schechter Court approvingly quoted National Acceptance Co. of America v. Regal Prods., Inc., 155 F.R.D. 631, 634 (E.D. Wis. 1994), which observed that affirmative defenses "which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy" in a case where a defendant had asserted ten affirmative defenses, none of which were qualified immunity. Third, it is well-settled that the standard for failure to state a claim is the "mirror image" of the standard for striking an affirmative defense. See Solvent Chem. Co. v. E.I. Dupont De Nemours & Co., 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002). The Second Circuit has applied the Twombly pleading standard to failure to state a claim, see Starr v. SONY BMG Music Entertainment, __ F.3d __, 2010 WL 99346 at * 4 (2d Cir. Jan. 13, 2010), and therefore it is sound logic to apply the Twombly standard to affirmative defenses. Fourth, while Tracy was decided after the Debtor's affirmative defenses were pled, it was decided months before the Debtor filed his opposition to the motion to strike, providing him plenty of time to learn of its holding and amend his affirmative defenses to add some facts, should he have chosen to do so.

Even if the Twombly standard were not applicable to motions to strike, however, this Court would deny the Debtor's motion to amend his affirmative defenses at this stage of the litigation. The standard for amendment is a liberal one: leave to amend "shall be freely given when justice so requires." McCarthy v. Dun & Bradstreet, 482 F.3d 184, 200 (2d Cir. 2007) A district court is invested with the discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. Monahan v. New York City Dep't of Corr., 214 F. 3d 275, 283 (2d Cir. 2000). The Debtor's request to again amend his pleading, on the eve of trial, and when the Court is poised to issue a decision on BBI's motion to strike the Debtor's affirmative defenses, cannot be analyzed with careful consideration of undue delay and prejudice. As to the undue delay factor, the Court observes that years have passed since BBI filed the original complaint, the parties long ago completed discovery, the Debtor has made a number of

4

different attempts to plead his affirmative defenses, the Court has specifically directed the Debtor to support his claims "by simple, concise, and direct allegations tied to particular facts," (doc. # 98 in A.P. # 08-1022), and the Court has imposed sanctions on the Debtor for failing to comply with the Court's order to support his amended counterclaim with facts rather than vague and conclusory allegations (doc. # 307, p. 18). This is a textbook illustration of facts that constitute undue delay. See McCarthy, 482 F.3d at 202 (noting that plaintiffs sought to amend their complaint after an "inordinate delay," after discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint); Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (upholding the denial of a motion to amend a complaint that was filed two and one-half years after the commencement of the action and three months prior to trial).

With regard to prejudice, the Court takes into account the totality of circumstances and finds that to grant the Debtor's motion at this point in the litigation would unquestionably prejudice BBI. Not only would the plaintiff be required to address the newly-argued facts in the Debtor's amended affirmative defenses, but it might well have to address new problems of proof. See Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008).

While the Court will grant leave to amend when justice so requires, it finds Mr. Montagne's Expedited Motion fails to articulate facts, circumstances, or law establishing that standard.

Accordingly, the Court denies the Debtor's expedited motion for leave to amend his affirmative defenses.

SO ORDERED.

Rutland, Vermont  
February 4, 2010

Colleen A. Brown  
United States Bankruptcy Judge